UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GREG L. LEDGERWOOD, M.D., <br><br> Plaintiff, <br><br> v. <br><br> WENATCHEE VALLEY MEDICAL CENTER, P.S., a Washington Corporation; ROBERT E. JUSTUS, M.D., individually and on behalf of his marital community; and STUART D. FREED, M.D., individually and on behalf of his marital community, <br><br> Defendants. | NO. CV-05-00125-RHW <br><br> **ORDER DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER RE: TREATMENT RECORDS PROTECTED BY RCW 18.130.175** |

Before the Court is Plaintiff's Motion for Protective Order re: Treatment Records Protected by RCW 18.130.175 (Ct. Rec. 15). Plaintiff requests a protective order to quash Defendants' request for treatment records of Plaintiff's participation in a state-approved substance abuse program for doctors. The proposed order is denied since the information is relevant and material to a claim or defense of either party. Furthermore, any privileges asserted have been waived under RCW 5.60.060(4)(b), which waives the physician-patient privilege ninety days after filing an action for personal injuries. RCW 18.130.175(4) is not applicable.

## ANALYSIS

**i. Discovery under Fed. R. Civ. P. 26(b)(1)**

The treatment records at issue are relevant and subject to discovery under

**ORDER DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER RE: TREATMENT RECORDS PROTECTED BY RCW 18.130.175 \* 1**

Federal Rule of Civil Procedure 26(b)(1). Rule 26(b)(1) allows parties to obtain "discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). Taking into consideration Plaintiff's assertion that RCW 180.130.175(4) bars discovery of the documents at issue and Defendant's claim that privilege has been waived, an examination of the information at issue is necessary. This information may be highly determinative to the outcome of this case, given that it was the communication between the treatment center and Plaintiff, prior to his termination. Additionally, the information could have been the reason for which Defendants refused to reinstate Plaintiff. Given the nature of the information, it is relevant and material to the claim or defense of either party and, therefore, subject to discovery.

**ii. Privileges**

The Federal Rules of Evidence provide that the privilege of a witness shall be governed by the principles of common law as interpreted by the courts of the United States. Fed R. Evid. 501. However, in civil actions under state law, privileges will be governed in accordance with state law. *Id.* The Supreme Court has recognized the physician-patient relationship is privileged due to its "imperative need for confidence and trust." *Trammel v. United States*, 445 U.S. 40, 51 (1980). The privilege has been limited to private communications necessary for the physician to "know all that a patient can articulate in order to identify and treat disease." *Id.*

In Washington, physician-patient privileges are codified under RCW 5.60.060(4), which states that a physician "shall not without the consent of his or her patient, be examined in a civil action as to any information acquired in attending such patient, which was necessary to enable him or her to prescribe or act for the patient." RCW 5.60.060(4). In the case at hand, the treatment records of Plaintiff fall within the physician-patient privilege due to their necessity in adequately treating Plaintiff's alcohol abuse problem. Furthermore, there is a

**ORDER DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER RE: TREATMENT RECORDS PROTECTED BY RCW 18.130.175** \* 2

privilege asserted by Plaintiff based on the confidentiality mandated by RCW 180.130.175(4).

Privileges are not absolute and may be overcome if the privileged information is necessary to afford a party a fair opportunity to defend itself. *Bitttaker v. Woodford*, 331 F.3d 715, 720 (9th Cir. 2003) (discussing the attorney-client privilege). The "doctrine of implied waiver allocates control of the privilege between the judicial system and the party holding the privilege." *Id.* Under this doctrine, the "court directs the party holding the privilege to produce the privileged materials if it wishes to go forward with its claims implicating them." *Id.* There are three limitations to production of privileged information under the doctrine of implied waiver: first, the "court impose[s] a waiver no broader than needed to ensure the fairness of the proceedings before it;" second, the holder of the privilege may retain the confidentiality of the privileged information by choosing to abandon the claim that raises the waiver condition; third, the court imposes limitations and conditions on the party receiving the privileged information. *Id.* at 720-21. The court, therefore, grants the holder of the privilege an option: "if you want to litigate this claim, then you must waive your privilege to the extent necessary to give your opponent a fair opportunity to defend against it." *Id.*; *see also United States v. Amlani*, 169 F.3d 1189, 1195 (9th Cir. 1999) (explaining that courts must evaluate "whether allowing the privilege would deny the opposing party access to information vital to its defense"). The court essentially strikes a bargain with the holder of the privilege, informing the party how much of the privilege must be waived in order to proceed with its claim. *Id.*

In *Sherman v. State*, the Washington Supreme Court expressly waived the physician-patient privilege after plaintiff, a physician, brought an action under federal and state handicap discrimination and defamation after being terminated for a chemical dependency. *Sherman v. State*, 128 Wash. 2d 164, 203 (1995) (in ruling, the court relied on RCW 5.60.060, stating that "ninety days after filing an

**ORDER DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER RE: TREATMENT RECORDS PROTECTED BY RCW 18.130.175** * 3

action for personal injuries or wrongful death, the claimant shall be deemed to waive the physician-patient privilege"). The Court reasoned that the physician had waived his physician-patient privileges after filing an action for damages under handicap discrimination and defamation laws. *Id.*

In the case at hand, Plaintiff expressly waived the confidentiality of the physician-patient privilege, giving Defendant access to the treatment records upon entering the treatment center (Ct. Rec. 18). Additionally, by bringing this suit, Plaintiff has put his substance abuse at issue, and the treatment records may be vital to the defense. Even though Defendant did not rely on the treatment records in terminating Plaintiff, Defendant could have reasonably foreseen that the treatment records were going to note that Plaintiff did not successfully complete the treatment program; thus, Defendant did not actually need the records to conclude that Plaintiff may expose them to liability if they continued to allow him to practice medicine under their supervision. Under these circumstances, Plaintiff will be given an option to either produce the documents and proceed with the suit or withdraw the complaint.

**iii. Applicable State Law**

Plaintiff requests a protective order quashing Defendants' request for records of his participation in a voluntary, state-approved substance abuse program for doctors, relying on RCW 18.130.175(4). RCW 18.130.175(4) states that "the treatment and pretreatment records of license holders referred to or voluntarily participating in approved programs shall be confidential, shall be exempt from 42.17.250-450, and shall not be subject to discovery by subpoena or admissible as evidence except for monitoring records reported to the disciplining authority." RCW 18.130.175(4). Plaintiff claims this statute was specifically meant to protect the treatment records at issue. Furthermore, Plaintiff contends the records are irrelevant because Defendant was not aware of their content at the time of the termination (Ct. Rec. 15).

**ORDER DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER RE: TREATMENT RECORDS PROTECTED BY RCW 18.130.175** \* 4

Defendants assert that RCW 18.130.175(4) is only meant to protect such records from third parties that file lawsuits against physicians (Ct. Rec. 17). Defendants argue this statute is not meant to apply to a lawsuit by a physician against his employer, in which the physician alleges employer discrimination based upon voluntary treatment that created an intolerable working condition (Ct. Rec.17). Moreover, Defendants submit that the physician-patient privilege has been waived under RCW 5.60.060(4)(b), which states that ninety days after filing an action for personal injuries, Plaintiff "shall be deemed to waive the physician-patient privilege." RCW 5.60.060(4)(b).

The Washington Supreme Court addressed this issue in *Sherman v. State*, 128 Wash. 2d at 203. In ruling that the defense may depose the health care provider in regard to plaintiff-physician's chemical dependency treatment, the court relied on RCW 5.60.060(4)(b) and did not consider the exclusion of such evidence under RCW 18.130.175(4). RCW 5.60.060(4)(b) states that the physician-patient privilege shall be waived 90 days after filing an action for personal injuries. The court held that a suit brought under handicap discrimination waives the physician-patient privilege. *Sherman*, 128 Wash. 2d at 203. The implication that flows from this ruling is that RCW 5.60.060(4)(b) trumps RCW 18.130.175(4)'s requirement of excluding such evidence. *See id.*

The facts are very similar in the case at hand. Plaintiff is a physician bringing suit under federal and state handicap discrimination laws after being terminated for a substance abuse addiction (Ct. Rec. 1). This being so, Plaintiff has waived his physician-patient privilege. As articulated in RCW 5.60.060(4)(b), "ninety days after filing an action for personal injuries . . . the claimant shall be deemed to waive physician-patient privilege." Thus, by filing this suit for personal injuries, Plaintiff has waived the physician-patient privilege and his treatment records are subject to discovery. Because the Washington Supreme Court did not state that RCW 18.130.175(4) excludes substance abuse treatment records in

**ORDER DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER RE: TREATMENT RECORDS PROTECTED BY RCW 18.130.175** * 5

personal injury suits like this one, Plaintiff's argument lacks merit.

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Protective Order re: Treatment Records Protected by RCW 18.130.175 (Ct. Rec. 15) is **DENIED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this order and to provide copies to counsel.

**DATED** this 22nd day of September, 2005.


                     s/ ROBERT H. WHALEY
                     Chief United States District Judge

Q:\CIVIL\2005\LEDGERWOOD\ledgerwood.protectiveorder.wpd

**ORDER DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER RE: TREATMENT RECORDS PROTECTED BY RCW 18.130.175 \* 6**